MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

Page 2

| United States District Court | | |
|---|---|---|
| Name (under which you were convicted): RODERICK GUNN | District: Southern District of New York | |
| Place of Confinement: USP Atwater P.O. Box 019001 Atwater CA 95301 | Docket or Case No.: SI 06 Cr 911 | |
| UNITED STATES OF AMERICA | Prisoner No.: 55254-054 | |
| v. | Movant (include name under which you were convicted) RODERICK GUNN | |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court (SDNY)
   500 Pearl Street, New York, N.Y 10007

   (b) Criminal docket or case number (if you know): SI 06 Cr 911

2. (a) Date of the judgment of conviction (if you know): May , 2010
   (b) Date of sentencing: August 20, 2010

3. Length of sentence: Life

4. Nature of crime (all counts): 18 U.S.C § 1951; 18 U.S.C § 924 (c) and 2 (B); 18 U.S.C. § 924(j)(1) and 2; 21 U.S.C. §§ 841(a)(1); 841(b)(1) and 846

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑
8. Did you appeal from the judgment of conviction?  Yes ☑  No ☐
9. If you did appeal, answer the following:
   (a) Name of court: Second Circuit Court of Appeals
   (b) Docket or case number (if you know): 10-3424-cr(L); 10-3453-cr (CON)
   (c) Result: Judgment Affirmed
   (d) Date of result (if you know): August 8, 2012 / Rehearing en banc Nov 21, 201
   (e) Citation to the case (if you know): U.S. Appx LEXIS 16445
   (f) Grounds raised: (1) Double Jeopardy; (2) Insufficient Evidence of Effects on Commerce; (3) Insufficient Evidence of Aiding And Abetting Murder (4) Insufficient Evidence For Marijuana Conspiracy 5) Life Sentence is unreasonable (6) Brady Violations; Prosecutorial Misconduct in Grand Jury; Court Erred in Denying Severance [¶ 6 are pro se filings]
   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☑  No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): 13-8330
   (2) Result: Cert denied (Rehearing filed)
   (3) Date of result (if you know): Cert denied on Feb 25, 2014
   (4) Citation to the case (if you know): 
   (5) Grounds raised: (1) Whether Denial of Recall Mandate Departed From Doctrine of Wilkins and Doherty when Counsel Abandoned Petitioner prior to Expiration of 90-day to file Certiorari? (2) Whether Lopez "Substantial Effects" the proper application for Hobbs Act? (3) Whether Hobbs Act facial applies to robbery of any person or entity? (4) Conflict among Circuits on whether 924(c) charges two separate offenses? (5) Whether burden-shifting jury instruction misled jury/violates Yates v Evatt?
10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
   Yes ☐  No ☑
11. If your answer to Question 10 was "Yes," give the following information:
   (a) (1) Name of court: _____
   (2) Docket or case number (if you know): _____
   (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____
(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☐
(7) Result: _____
(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: _____
(2) Docket or case number (if you know): _____
(3) Date of filing (if you know): _____
(4) Nature of the proceeding: _____
(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☐
(7) Result: _____
(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:   Yes ☐  No ☐
(2) Second petition:  Yes ☐  No ☐

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Factually And Legally Innocent

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A. Wrongfully convicted for Murder.
B. Conviction Rest on Crime not charged.  See Memorandum of Law
C. Legally Innocent for Affective Commerce.   "         "        "
D. Possibility of an Effect on Commerce Failed To Satisfy The In Re Winship Rule. See Memorandum of Law
E. Lopez "Substantial Effects" Test Was Never Satisfied For Count Three. See Memorandum of Law
F. Rosemond v United States Invalidates Aiding And Abetting Conviction As Unconstitutional. See Memorandum of Law

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise grounds and Rosemond v U.S. and Burrage v U.S. was not available during direct appeal

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Page 6

Result (attach a copy of the court's opinion or order, if available): _____
_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____
_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

GROUND TWO: Ineffective Assistance of Counsels

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
A. Counsels Failed To Confront Trial Witnesses. See Memorandum of law
B. Ineffectiveness During Closing Summation.   "   "
C. Counsel Failed To Object Improper Jury Instruction & Failed To Object Constructive Amendment of Indictment
D. Counsel Failed To Challenge Brady Violation

Page 7

(b) Direct Appeal of Ground Two:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☑
  (2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance claims were not fully developed on trial record and is best raised on §2255 Motion

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☑
  (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition: _____
    Name and location of the court where the motion or petition was filed: _____
    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐  No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐  No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☐  No ☐
  (6) If your answer to Question (c)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: _____
    Docket or case number (if you know): _____
    Date of the court's decision: _____
    Result (attach a copy of the court's opinion or order, if available): _____

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

GROUND THREE: Due Process Violation And Sixth Amendment Sentencing Errors

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
A. Due Process Brady Violations Violates Sixth Amendment Right To Fair Trial. See memorandum of Law
B. Sixth Amendment Apprendi/Alleyne Violation See Memorandum of Law

(b) Direct Appeal of Ground Three:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise claims, and I raised a partial Brady claim in a pro se supplement

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed: _____
Docket or case number (if you know): _____
Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

GROUND FOUR: Hobbs Act Is Unconstitutional And Violative Of Tenth Amendment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A. Hobbs Act Violates Tenth Amendment
B. Violation Of Separation of Powers when statutory language is amended by Jury Instruction And Prosecutor's draft of Indictment
C. Article III Standing Was Never Demonstrated By United States (Plaintiff) To Invoke Courts Power
   See Memorandum of Law in Support

(b) Direct Appeal of Ground Four:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐  No ☑
   (2) If you did not raise this issue in your direct appeal, explain why: Counsel neglected to raise claims

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐  No ☑
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____
   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐  No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐  No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
       Yes ☐  No ☐
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

Page 11

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: All grounds, except a portion of the Brady claim, were never presented in a federal court, because (1) Rosemond v. U.S. and Burrage v. U.S. were never available prior; (2) Counsels refused to raise claims on direct appeal; (3) Ineffective Assistance is best raised on 2255 Motion;

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☑ No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. After cert was denied February 25, 2014, I filed a Rehearing in light of Burrage v. U.S. No 12-7515 (2014) and Rosemond v. U.S. 2014 WL 839184, to the U.S. Supreme Court. Rehearing was filed February 26, 2014. I havent yet received any information from the Court notifying me of a docket entry

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: Richard Palma and Mitchell Dinnerstein
(b) At arraignment and plea: (same)
(c) At trial: (same)
(d) At sentencing: Pro Se

(e) On appeal: Howard Jacobs

(f) In any post-conviction proceeding: ~~~~ Pro Se Representation

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____
   (c) Give the length of the other sentence: _____
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

1) Direct Appeal affirmed Aug 8, 2012, and a timely rehearing en banc was filed, and denied Nov 21, 2012.

2) Counsel retired after the denial of my en banc without advising me about my writ of certiorari.

(3) I filed a recall mandate for the purpose of having the Second Circuit reset the 90-days for a writ of certiorari and to appoint counsel to file the writ.

(4) Counsel Howard Jacobs filed a motion to be relieved from case, explaining to Court that he had believed the case was closed after the denial of the rehearing en banc, and that he suffered heart failures and had to retire from practice.

(5) The Second Circuit denied the Recall Mandate Aug 19, 2013.

(6) A Writ of Certiorari was filed within 90-days of the denial of the recall mandate (filed Nov 14, 2013)

(7) Cert was denied February 25, 2014

(8) I filed a Rehearing in the Supreme Court on Feb 26, 2014 in light of Burrage v U.S. and Rosemond v U.S.

(9) I had also filed a correspondence with the district Court on February 16, 2014 seeking leave to file §2255 when cert is resolved and the institution lockdown lifted. Thus this 2255 is timely under AEDPA and Rosemond v U.S. new limitation period.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: __Vacate, Set Aside__ Page 14
__and or dismiss Conviction on grounds that Court lacked__
__subject matter jurisdiction__
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __April 24th, 2014__ (month, date, year).

Executed (signed) on __April 24, 2014__ (date).

_____
R. Gunn
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

IN FORMA PAUPERIS DECLARATION
__Southern District of New York__
[Insert appropriate court]

* * * * *

#48

# CERTIFICATE OF SERVICE

I, **Roderick Gunn**, hereby certify that I have served a true and correct copy of the following: **MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND MEMORANDUM OF LAW IN SUPPORT, WITH EXHIBITS.**

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to :

U.S. Attorney's Office
One Saint Andrew Plaza
New York, N.Y. 10007

and deposited same in the United States Mail at

U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this 24th day of April, 2014.

R. Gunn

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve,

United States of America,

    Appellee,

v.

Alton Davis, Roderick Gunn, AKA Zappa,

    Defendants - Appellants,

Derrilyn Needham, AKA Ingrid, Ronald Knibbs, AKA Birdie,

    Defendants.

**ORDER**

Docket Nos: 10-3424 (Lead)
                 10-3453 (Con)

Appellant Roderick Gunn filed a petition for panel rehearing, or, in the alternative, for rehearing *en banc*. The panel that determined the appeal has considered the request for panel rehearing, and the active members of the Court have considered the request for rehearing *en banc*.

IT IS HEREBY ORDERED that the petition is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand and thirteen,

Before:     Pierre N. Leval,
                Reena Raggi,
                Denny Chin,
                    *Circuit Judges.*

---

United States of America,

     Appellee,

v.

Alton Davis, Roderick Gunn, AKA Zappa,

     Defendants - Appellants,

Derrilyn Needham, AKA Ingrid, Ronald Knibbs, AKA Birdie,

     Defendants.

**ORDER**
Docket Nos. 10-3424 (L)
                  10-3453 (Con)

---

Appellant Roderick Gunn moves to recall the mandate.

IT IS HEREBY ORDERED that the motion is DENIED.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

*[Signature: Catherine O'Hagan Wolfe with Second Circuit seal]*

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC 20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

January 17, 2014

Mr. Roderick Gunn
Prisoner ID 55254-054
PO Box 019001
Atwater, CA 95301

Re: Roderick Gunn
v. United States
No. 13-8330

Dear Mr. Gunn:

The petition for a writ of certiorari in the above entitled case was filed on November 14, 2013 and placed on the docket January 17, 2014 as No. 13-8330.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

Scott S. Harris, Clerk

by

Clayton Higgins
Case Analyst

Enclosures