UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

_____

RODERICK GUNN,

             Petitioner,       14 Civ. 3228 (WHP)

         v.            06 Cr. 911 (WHP)

UNITED STATES OF AMERICA,

             Respondent.

SEP - 8 2014

PRO SE OFFICE

_____X

## MOTION FOR PRODUCTION OF TRANSCRIPTS
## PURSUANT TO 28 USC §753(f), 2250, AND
## RULE 6 OF RULES GOVERNING 2255 PROCEEDINGS

COMES NOW, Petitioner Roderick Gunn, acting pro se in the above-styled Motion for Production of Transcripts and respectfully moves this court under 28 U.S.C. § 753(f), 28 U.S.C § 2250, and Rule 6 of the Rules Governing 2255 Proceedings, that the court issue an order providing Petitioner with copies of the particularized trial transcripts listed below:

1. To rebut the Government's claim that counsel was not ineffective for failing to Object Improper Jury Charge, petitioner would need Derrilyn Needham's direct examination testimony to prepare his reply to any contention of the Government on this issue.

2. Transcripts that revealed Mitchell Dinnerstein's late objection to the jury charge that addressed the jury's inquiry on whether they should consider all robberies Needham testified to in consideration of the conspiracies. This portion of the trial occurred during jury deliberation, and the same day the verdict was returned.

3. Transcripts for Ex Parte hearing with Petitioner and defense counsel Richard Palma. This was conducted prior to closing summation concerning petitioner's objection to Mr. Palma arguing that he went to the Wickham Avenue location to commit a robbery but not a murder. This is needed to support petitioner's claim that counsel argued at closing in disregard to petitioner's objection.

4. Transcripts of cross examination of Ronald Knibbs by Richard Palma. This portion of the transcripts is needed to demonstrate ineffective assistance when counsel{Richard Palma} refused to cross examine Knibbs on critical prior bad acts. Likewise, in any event, counsel{Richard Palma} argue in his affidavit that he refused to cross examine Knibbs on prior undisclosed bad acts because Knibbs' testimony did not hurt petitioner, the transcripts are needed to refute that claim.

FOR GOOD CAUSE in this Court granting such relief, petitioner would avers as follows:

1. Petitioner is indigent and unable to pay the cost associated with procurement of the transcripts needed for

this § 2255 matter.

2. Transcripts are needed should counsel, or the Government respond to claim that is contrary to facts recorded on transcripts.

3. Petitioner has a "Particularized Need" for Needham's Direct Examination, Knibbs Cross Examination, Ex Parte Hearing With Counsel and Petitioner, and Mitchell Dinnerstein's Objection to Jury Charge During deliberation, and on day verdict returned.

4. That the court may for good cause, authorize the disclosure under Rule 6(a) of Rules Governing 2255 Proceedings, and under the authority of Harris v. Nelson, 394 U.S. 286, 22 L. Ed 2d 281 (1969); and Bracy v. Gramley, 520 U.S. 899, 138 L. Ed 2d 97 (1997).

5. That the Harris Court stated that, "[W]here specific allegations before the court show reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

6. That absent transcripts, petitioner cannot reply effectively to Government's response or counsels affidavits.


WHEREFORE, for all the foregoing reasons, petitioner prays the Court grants the relief sought.


Respectfully submitted

Dated: August 29th, 2014         _R. Gunn_____

Roderick Gunn

3

#48

# CERTIFICATE OF SERVICE

I, _Roderick Gunn_ hereby certify that I have served a true and correct copy of the following: Motion For Production of Transcripts Pursuant To 28 USC §753(f), 2250 AND RULE 6 of Rules Governing 2255 Proceedings

Which is deemed filed at the time it was delivered to prison authorities for forwarding. Houston v. Lack, 101 L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to :

U.S. Attorney's Office
1 Saint Andrew Plaza
New York, N.Y 10007
Attn: Michael A. Levy (A.U.S.A)

and deposited same in the United States Mail at

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this _3rd_ day of _September_ , 20_14_

_R. Gunn_

The Honorable William Pauley III

United States District Judge

United States District Court

Southern District of New York

500 Pearl Street

New York, N.Y. 10007



SEP - 8 2014

PRO SE OFFICE

      Re: Roderick Gunn v. United States

          14 Civ. 3228 (WHP)

Dear Judge Pauley:

   On June 12, 2014, Your Honor issued an Order compelling counsels Richard Palma, Mitchell Dinnerstein and Howard Jacobs to provide sworn testimonies in the form of Affidavits, addressing my ineffective assistance of counsel claims raised in my § 2255 Motion. I have so far received a copy of Mr.. Dinnerstein's Affidavit, which addressed only one of the numerous issues raised against him. In that, Mr. Dinnerstein's Affidavit addressed only the claim raised in subsection A of ground two: Failure To Confront Witness. However, there remain other subsections in Ground Two that addressed an ineffective assistance of counsel claim against Mr. Dinnerstein. In particular, subsection C of Ground Two, subtitled: Counsel Failed To Object Improper Jury Charge And Failure To Object Constructive Amendment, in part, has raised a claim against Mr. Dinnerstein.

    Subsection C of Ground Two, raised separate and distinct claims of "Failure To Object Jury Charge." However, a

specific part of the claim was raised particularly against Mr.
Dinnerstein. During the jury deliberation, the jury sent out a
note that reads: "May we consider as evidence testimonies of
robberies Needham testified to on the question of the
existence of the conspiracies." See § 2255 Memo at p. 21
(second paragraph). In response to that note, the court
instructed the jury that it may consider all robberies Needham
testified to. I immediately instructed Mr. Dinnerstein to
object to that charge on the grounds that Needham had
testified to numerous robberies that were not part of the
charged conspiracy. Dinnerstein refused to raise the
objection, and shortly after, the jury arrived at its verdict.
The parties were brought back into court and informed about
the verdict. Mr. Dinnerstein at that late point of the trial,
informed the court that I had brought the objection to his
attention that the jury charge was incorrect. The court, after
consulting with both parties, called in the jury and gave a
curative instruction to correct the prior instruction, and
sent back the jury to redo the deliberation with the curative
instruction. The curative instruction instructed the jury that
it should only consider the robberies brought out by Mr.
O'Donnell on direct examination. At that point, I once again
requested of Mr. Dinnerstein to object to the curative
instruction on the grounds that it still misled the jury,
because Needham had testified to other robberies on direct
examination which were not part of the charged conspiracy.
Once again, Mr. Dinnerstein neglected my request, and
approximately ten minutes after the curative instruction was
given, the jury notified the court that it has arrived at a

2

verdict. This portion of the ineffective assistance claim against Mr. Dinnerstein was never addressed in his Affidavit, and as such, he has not fully complied with the June 12, 2014 court order.

In addition, on 7/10/14, the court granted my application to file a Supplement to the § 2255 Motion. Within this Supplement, my claims also addressed counsels ineffectiveness. However, the Court's June 12, 2014 order was issued prior to the filing of the Supplement. There is a possibility that counsels were never served a copy of the Supplement to address the ineffective claims intertwined with the Napue claim and the Rule 403 claim . As a result, counsels will not be able to comply efficiently with the court order unless the Government forward counsels a copy of the Supplement which indeed, raised ineffective assistance claims within the Napue and Rule 403 claims.

For the reasons set forth, I respectfully request that the Court enter an Order for counsels to respond forthwith to [all] the claims raised in Ground Two of my memorandum of Law, and the claims raised in section "E" and "F" of the Supplement. I also request that the court enter an Order instructing the Government to serve a copy of the Supplement to all counsels.

Respectfully submitted

Dated: August 29th, 2014     _R- Gunn_

Roderick Gunn

3

# CERTIFICATE OF SERVICE

I, _Roderick Gunn_ herby certify that I have served a true and correct copy of the following: Letter Styled Motion To Compel Counsels to respond to all ineffective assistance claims in Ground Two of §2255 Memorandum, and Subsection E and F in Supplement.

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. Attorney's Office    /Attn: Michael A. Levy
1 Saint Andrew Plaza           (A.U.S.A)
New York, N.Y 10007

and deposited same in the United States Mail at: U.S.P. Atwater
P.O. Box 019001
Atwater, CA 95301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this _3rd_ day of _September_, 20_14_.

_R. Gunn_

The Honorable William Pauley III

United States District Judge

United States District Court

Southern District of New York

500 Pearl Street

New York, N.Y. 10007



Re: Roderick Gunn v. United States

14 Civ. 3228 (WHP)

Dear Judge Pauley:

   This Motion is submitted pursuant to Rule 7 of the Rules
Governing 2255 proceedings, and Rule 26(b)(1) and Rule
36(a)(1) of the federal Rules of Civil Procedure, and
respectfully request of the Court to enter the following
Orders: (1) for the United States to provide a sworn Affidavit
concerning the facts raised in the Napue claim{see
Supplement}, and (2) For an In-Camera Review of the
Government's classified death penalty submission against
Derrilyn Needham.


   I. Request For Affidavit Concerning Napue Claim

   The Napue claim raised in the Supplement argued that the
Government knowingly used perjured testimony at trial, and
failed to correct it before the jury. Rule 7(b) of the Rules
Governing 2255 Proceedings provides in pertinent part:


   The expanded record may include, without

   limitation, letters...documents, exhibits

**1**

and answers under oath, if so directed,
to written interrogatories propounded by the
judge. Affidavits may be submitted and
considered as part of the record."

The request for a submission of an Affidavit addresses
factual issues surrounding the claim that the Government used
uncorrected perjured testimony at trial to secure the
conviction as argued in the Supplement's Napue Claim. In
accordance with Rule 7(b) of the Rules Governing 2255
Proceedings, this Court can direct the Government to provide a
sworn affidavit, stating whether [or not] it knowingly used
uncorrected perjured testimony at trial concerning Needham's
true role in the Wickham Avenue attempted robbery/murder
offense.

## II. In-Camera Review Of Government's Death Penalty Submission For Derrilyn Needham

I respectfully request of this Court to conduct an in-
camera review of the Government's classified death penalty
submission against Needham, pursuant to Fed. R.Civ.P., Rule
26(b)(1) and Rule 36(a)(1).

During the death penalty mitigation phase of the instant
case, it was brought to my attention by counsel [Richard
Palma} that the Government had sought a death penalty trial
for Derrilyn Needham. See attached Affidavit.

2

From counsel's correspondence with me at the pre-trial attorney conference, the Government requested the death penalty trial for Needham based on its theory that Needham instructed Davis to kill Gary Grey. This was supported by Ronald Knibbs' trial testimony. See Trial Transcripts at pg 763. The Government presented this theory to the DOJ Death Penalty Panel prior to Needham becoming a cooperating witness, yet changed the theory after their death penalty request was denied and Needham became a cooperating witness. This theory {Needham instructed Davis to kill Grey} goes to the heart of Needham's role in the Wickham Avenue attempted robbery/murder offense. A witness's role in an offense is a critical information for the jury determination at trial.

Recently, I had requested the disclosure of the Government's classified death penalty submission through DOJ's Freedom of Information Act (FOIA), which requests were denied. I appealed the denial and such appellate request was denied on the grounds that the document requested contained third party information. See attached denial orders. As an indigent person, I was unable to file an appeal pursuant to 5 U.S.C. § 552(a). This leaves me in the position of seeking of the court's equity powers to conduct an in-camera review of the Government's death penalty submission against Needham, concerning her role in the Wickham Avenue offense, and should the court find that such document contained information that supports my Napue claim, to enter an Order pursuant to Rule 26(b)(1), and 36(a)(1) of Fed.R. Civ. P., to make the portion of this document part of the record of the instant proceeding.

3

Should the Government argue that the death penalty submission contain sensitive and personal information about Needham, I am requesting that all personal and sensitive information be redacted, to prevent disclosure of personal, private and sensitive information, to become part of the record of the instant proceeding.

<u>Conclusion</u>

WHEREFORE, I respectfully request that the Court enter the following Orders: (1) for the Government to provide a sworn Affidavit addressing whether or not it knowingly used perjured testimony concerning Needham's role in the Wickham Avenue offense; (2) a disclosure of the Government's death penalty submission against Needham for an In-Camera review; (3) an Order for the expansion of the record with the sworn affidavit and the redacted death penalty submission pursuant to Rule 7(b) of the Rules Governing 2255 Proceedings; and (4) for copies of the affidavit and redacted death penalty submission to be served upon petitioner in order to prepare a rebuttal to the Government's response to the § 2255 Motion, Memorandum and Supplement.

Respectfully submitted

Dated: August 29th, 2014          _R. Gunn_____

Roderick Gunn

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X

RODERICK GUNN

                    Petitioner          14 Civ. 3228 (WHP)

                                        AFFIDAVIT

          v.


UNITED STATES OF AMERICA

                    Respondent

_____X


Roderick Gunn affirms under the penalty for perjury:

1. I am the defendant in the above-captioned matter

2. I make this affidavit in support of Motion Pursuant to Rule
7(b) of Rules Governing 2255 Proceedings

3. That during pretrial, while at an attorney conference with
counsel Richard Palma at M.C.C., counsel for Needham informed
Mr. Palma that the DOJ death penalty panel had summoned them
to Washington to argue why Needham should not be given a death
penalty trial.

4. That Needham's counsel stated that they were summoned
because Ronald Knibbs told the Government that he heard
Needham instructing Davis to kill Grey.

5. That the Government's reason for seeking the death penalty against Needham established its theory of her role played in the Wickham Avenue offense.

6. That her true role was mitigated at trial, which deceived the jury and the court.

7. That I have requested a copy of the Government's classified death penalty submission via Freedom of Information Act FOIA/DOJ, and my request was denied on the grounds that the document consisted of personal information of a third party.

8. That I appealed the denial of my FOIA request, and such was also denied.

9. That I took additional steps to retrieve this document through the Office of Government Information Services (OGIS), which request was to no avail.

10. That due to my indigent status, I was unable to file a lawsuit in federal court in accordance with 5 U.S.C. § 552(a)(4)(B), which requires a filing fee for processing the claim.

11. That I do believe this death penalty submission will reveal the Government's theory of Needham's true role in the Wickham Avenue offense, for which the Napue claim was raised.

12. That this court can exercise its equitable powers in compelling the Government to disclose this document for an in-camera review.

13. That should the document revealed the Government's theory of Needham's role in the offense, the court can expand the record of this instant proceeding with a redacted version of the document, excluding all personal and sensitive information about Needham background history.

2

14. That the requests made herein should be granted

Dated: August 29th, 2014

Respectfully submitted

Roderick Gunn

# EXHIBIT

**U.S. Department of Justice**

APR 3 0 2013

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

Requester: Roderick Gunn

Request Number: 2013-1169

Subject of Request:  Third parties

Dear Requester:

    The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

    You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§ 552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

    We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please reply with a letter asking for the public documents. **Please send your letter to the address above.**

    Should you obtain the written authorization and consent of the third party for release of the records to you, please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. Your name should appear in the section titled "Optional." The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001. **Please send your new request to the address above.**

[ √ ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
 2013-1167

APR 3 0 2013

This is our final action on this above-numbered request. You may appeal this decision in this matter by writing to the **Office of Information Policy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001**.   Both the envelope and the letter of appeal should be marked "FOIA Appeal."  Your appeal must be received by OIP within 60 days from the date of this letter. If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court.  28 C.F.R. § 16.9.

Sincerely,

Susan B. Gerson
Assistant Director

Enclosure

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 252-6020  FAX: 252-6047  (www.usdoj.gov/usao)*

Requester:  Roderick Gunn _____  Request Number: 2013-1167 _____

Subject of Request: Self/Specific Records - USAO/Southern District of New York _____

Dear Mr. Gunn:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [   ] partial [ x ] full denial.

*JUL 2 9 2013*

Enclosed please find:

_____ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
___25___ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

### Section 552                                    ### Section 552a

| | | | | |
|---|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | | [ x ] (j)(2) |
| [   ] (b)(2) | [ x ] (b)(5) | [ x ] (b)(7)(C) | | [   ] (k)(2) |
| [   ] (b)(3) | [   ] (b)(6) | [ x ] (b)(7)(D) | | [   ] (k)(5) |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) | | [   ] _____ |
| _____ | | [ x ] (b)(7)(F) | | |

[   ] In addition, this office is withholding grand jury material which is retained in the District.

(Page 1 of 2)
Form No. 021- no fee - 6/12

[   ]   A review of the material revealed:

    [   ]   Our office located records that originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.**  These records will be referred to the following component(s) listed for review and direct response to you:_____

    [   ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

    [   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought.  Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

    [ x  ]   See additional information attached.

    This is the final action on this above-numbered request.  You may appeal this decision on this request by writing to the **Office of Information Policy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.**  Both the letter and envelope should be marked "FOIA Appeal." Your appeal must be received by OIP within 60 days from the date of this letter. If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

Sincerely,

Susan B. Gerson
Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1)　　(A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)　　related solely to the internal personnel rules and practices of an agency;

(b)(3)　　specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)　　trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)　　inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)　　personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)　　records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)　　contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)　　geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)　　information complied in reasonable anticipation of a civil action proceeding;

(j)(2)　　material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)　　information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)　　investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)　　material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)　　required by statute to be maintained and used solely as statistical records;

(k)(5)　　investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)　　testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)　　material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.



**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*

*Washington, D.C.  20530*

September 5, 2013

Mr. Roderick Gunn
Register No. 55254-054
United States Penitentiary
P.O. Box 019001
Atwater, CA  95301

      Re:  Request No. 2013-1167

Dear Mr. Gunn:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on August 26, 2013.

      The Office of Information Policy has the responsibility of adjudicating such appeals.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **AP-2013-05052**.  Please mention this number in any future correspondence to this Office regarding this matter.  Please note that if you provide an e-mail address or another electronic means of communication with your appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. mail.

      We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal, you may contact me at the number above.  If you have submitted your appeal through this Office's online electronic appeal portal, you may also obtain an update on the status of your appeal by logging into your portal account.

      Sincerely,

Priscilla Jones
Supervisory Administrative Specialist



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**December 2, 2013**

Mr. Roderick Gunn
Register No. 55254-054
United States Penitentiary          Re:    Appeal No. AP-2013-05052
Post Office Box 019001                     Request No. 2013-1167
Atwater, CA  95301                         SRO:JMB

**VIA:  U.S. Mail**

Dear Mr. Gunn:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records concerning yourself and a death penalty memorandum located in the United States Attorney's Office for the Southern District of New York.

After carefully considering your appeal, I am affirming EOUSA's action on your request. In order to provide you with the greatest possible access to responsive records, your request was reviewed under both the Privacy Act of 1974 and the Freedom of Information Act.  This Office has determined that the records responsive to your request are exempt from the access provision of the Privacy Act.  See 5 U.S.C. § 552a(j)(2); see also 28 C.F.R. § 16.81 (2013).   For this reason, your appeal has been reviewed under the FOIA.

The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  EOUSA properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to:

> 5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the attorney work-product privilege;

> 5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

> 5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

- 2 -

5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of EOUSA in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff



## OFFICE *of* GOVERNMENT INFORMATION SERVICES

January 13, 2013- Sent via U.S. mail

Mr. Roderick Gunn
Register No.:  55254-054                    Re: Case No. 201400218
U.S.P. Atwater
P.O. Box 019001
Atwater, CA  95301

NATIONAL
ARCHIVES
*and* RECORDS
ADMINISTRATION

Dear Mr. Gunn:

Thank you for contacting the Office of Government Information Services (OGIS).
Your request for assistance, which we received on January 13, 2013, via U.S. mail, will be
assigned to an OGIS facilitator and handled as quickly as possible.

8601 ADELPHI ROAD
COLLEGE PARK, MD
20740-6001

If you wish to contact us before we get back to you, please refer to case number
201400218.

*web: www.ogis.archives.gov*
*e-mail: ogis@nara.gov*
*phone: 202-741-5770*
*toll-free: 1-877-684-6448*
*fax: 202-741-5769*

Sincerely,

Robin Ross, Staff Assistant
Office of Government Information Services



NATIONAL
ARCHIVES

# CERTIFICATE OF SERVICE

I, _Roderick Gunn_ herby certify that I have served a true and correct copy of the following: I. Request For Affidavit Concerning Napue Claim

II. In-Camera Review of Govt's Death Penalty Submission For Derrilyn Needham

<u>Which is deemed filed at the time it was delivered to prison authorities for forwarding; Houston v. Lack,</u> 101L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. Attorney's Office
1 Saint Andrew Plaza
New York, N.Y 10007
Attn: Michael A. Levy (A·U·S·A)

and deposited same in the United States Mail at: USP Atwater
P.O. Box 019001
Atwater, CA 95301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this _3rd_ day of _September_, 20 _14_.

_R-Gunn_



⇨ 55254-05-
Rode
United State Penitentiary
P. O. Box 019001
Atwater, CA 95301
United States





SEP - 0 2014

⇨ 55254-054 ⇦
Pro Se Office
500 Pearl ST
Room 230
NEW YORK, NY 10007
United States
United States District Court (SDNY)

Legal Mail