UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
RODERICK GUNN,

              Petitioner,

      -against-

UNITED STATES OF AMERICA,

              Respondent.
--------------------------------X

14cv3228

MEMORANDUM & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/14

WILLIAM H. PAULEY III, District Judge:

      Petitioner Roderick Gunn moves for the production of transcripts and affidavits. He also seeks an in camera review of certain death penalty submissions. For the reasons that follow, Gunn's applications are denied.

**I.    Transcripts**

      Gunn seeks copies of portions of his trial transcript. Specifically, he asks for: (1) Derrilyn Needham's direct examination; (2) Mitchell Dinnerstein's objections to the jury charge; (2) an ex parte conference with Gunn and his counsel regarding closing argument strategy; and (3) Ronald Knibbs' cross examination.

      A habeas petitioner is entitled to a trial transcript if he demonstrates that he is indigent and that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Although Gunn declares he is indigent, he has not sought to proceed in forma pauperis.

      However, even if Gunn were proceeding in forma pauperis, he would not be entitled to a copy of the trial transcripts that he seeks in this application. The Second Circuit has held that "one of the statutory prerequisites [under § 753(f)] is the court's certification that the transcript is needed for the court to 'decide' a § 2255 motion—not for the petitioner to prepare

it." United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (emphasis in original). Here, Gunn has not demonstrated that the transcript is needed for the Court to decide his § 2255 motion. This Court presided over Gunn's trial and has access to the trial record. Finally, it appears from Gunn's motion papers that he has access to much, if not all, of the trial transcript, because he cites it extensively and attaches portions to his petition. (See, e.g., Gunn Pet. 22; Gunn Supp. Ex. C.) Therefore, Gunn's motion for the production of transcripts is denied.

**II.    Requests for Discovery and Expansion of the Record**

Gunn's other requests invoke the Rules Governing Section 2255 Proceedings. Rule 7 authorizes the court to expand the record by directing parties to submit additional materials such as documents and affidavits that might be useful in determining whether to hold an evidentiary hearing. Under Rule 6, a petitioner is not entitled to discovery absent "good cause." "In order to show good cause, "a petitioner must present 'specific allegations' that give the Court 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Pizzuti v. United States, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). Likewise, "[a] court may deny a petitioner's request for discovery 'where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.'" Capalbo v. United States, 02cr1237, 2012 WL 611539, at *3 (S.D.N.Y. Feb. 24, 2012) (quoting Ruine v. Walsh, 00cv3798, 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005)).

Gunn asks this Court to order his former counsel to provide additional affidavits. This Court previously ordered Gunn's former trial and appellate counsel to provide affidavits regarding the ineffective assistance claims in order to allow the Government to respond to Gunn's motion. (ECF No. 8.) Such affidavits are necessary to "test the credibility of the [petitioner's] assertion of ineffective assistance." Douglas v. United States, 09cv9566, ECF No.

2

6 (S.D.N.Y. Jan. 28, 2011). On November 4, 2014, the Government responded on the basis of the affidavits provided by Gunn's two trial counsel. (See ECF No. 14.) Gunn fails to show how further responses from those attorneys, or how a response from his appellate counsel, would assist in developing facts entitling him to relief.

Gunn also seeks an in camera review of Needham's death penalty submission to the DOJ death penalty panel. Gunn argues that Needham's submission to the DOJ panel would support his assertion that she perjured herself at trial and that the Government was aware of her false testimony. But Gunn fails to show how any of that might support his claim. Gunn's argument rests on a comparison of notes from Needham's proffer and a portion of Needham's direct testimony at trial. Both are attached as exhibits to his motion papers (see Gunn Supp. Ex. A & C). To the extent there is an inconsistency, it is already part of the record and there is no need for a further supplement.

Finally, Gunn seeks an affidavit from the Government responding to his claim of perjury by Needham. Since the time that Gunn filed his application, the Government has responded to his underlying argument and addressed his claim of perjured testimony. (Gov. Opp. 38-40.) Accordingly, Gunn's application is denied.

## CONCLUSION

Petitioner Roderick Gunn's motion for additional materials including trial transcripts, affidavits of trial counsel, and an affidavit from the Government concerning Needham's alleged perjury is denied. In addition, Gunn's request for an in camera review of Needham's death penalty submissions is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 12.

Gunn is directed to reply to the Government's memorandum in opposition to his habeas petition by January 9, 2015.

Dated: November 24, 2014
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies Mailed To:*

Roderick Gunn
55254-054
U.S. Penitentiary
P.O. Box 019001
Atwater, CA 95301

Daniel Marc Tracer
DOJ, United States Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007