UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



------------------------------------X

RODERICK GUNN,

            Petitioner      Civ No. 14 Civ. 3228 (WHP)

    vs.                    Crim No. 06 Cr. 911 (WHP)

UNITED STATES OF AMERICA,

            Respondent.

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/15

MOTION TO STRIKE PARAGRAPHS 5 AND 8 OF

RICHARD PALMA'S AFFIDAVIT PURSUANT TO

FED.R.CIV.P. 12(f), 37(b) AND 56

    Petitioner Roderick Gunn, respectfully moves this Court for an Order, pursuant to Fed. R. Civ. P., 12(f), 37(b)(1) and Rule 56, to strike ¶s 5 & 8 of Palma's Affidavit because these paragraphs contains misstatement that is belied by the record. Palma alleged that petitioner had suggested that he argue that petitioner was not present at the Wickham Avenue attempted robbery, contrary to petitioner's October 28 statement. However, such allegation is refuted by the records as follows:

> Gunn: I simply asked counsel not to argue my count 3 and the fact that we cannot take a separate position on the statement, and I simply ask counsel in regard to count 3 he should argue the interstate nexus. Tr. 1565 (1-4).

> Gunn: I am not trying to take a separate position from my statement in regard to count 3, but I would like counsel to argue in regard to count 7 that I did not aid and abet...I did not kill Gary Grey. Tr. 1565 (7-14).

> Gunn: Mr. Palma's summation on laptop had stated that the evidence supports Mr. Gunn was present and what I asked of him is let the jury draw that inference for themselves. Tr. 1566 (1-3)

The records shows precisely the opposite of Palma's allegations, and ¶¶ 5 & 8 of his Affidavits should be stricken pursuant to Rule 12(f). Rule 12(f) provides that "[t]he court may strike from the pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Rule provides that "[t]he court may act on its own, or on a motion by a party before responding to the pleading..." The Court may also strike ¶¶s 5 & 8 of Palma's Affidavit under Rule 37(b)(1) and Rule 56(a), (c)(1), (d), (e)(1) and (e)(2) where counsel failed to comply with the court's order to address [all] petitioner's ineffective assistance allegations. Palma failed to provide an explanation for abandoning cross-examination of Knibbs on prior bad acts (except for the double homicide), and failed to present an explanation for errors made at closing.

WHEREFORE, Petitioner requests that the Order be issued.

Dated this 30th day of December, 2014.

Respectfully submitted

*R. Gunn*

Roderick Gunn

cc: Daniel M. Tracer, AUSA
One Saint Andrew Plaza
New York, N.Y. 10007

Richard Palma
381 Park Avenue South
Suite 701
New York, N.Y. 10016