UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK



D+F

-----------------------------------X

RODERICK GUNN,

        Petitioner       Civ No. 14 Civ. 3228 (WHP)

vs.                 Crim No. 06 Cr. 911 (WHP)

UNITED STATES OF AMERICA,

        Respondent.

-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/28/15

MOTION TO STRIKE PORTION OF RESPONDENT

BRIEF IN OPPOSITION PURSUANT TO FED.R.CIV.P.

12(f), 37(b) AND RULE 56

    Petitioner Roderick Gunn respectfully prays that the portion of the Respondent's Brief in Opposition (Br. Op. 34), to the Section 2255 Petition, see{Exhibit A}, be stricken because it contains misstatements and has entertained false allegation raised in Richard Palma's Affidavit that the trial record proved to be incorrect. This Motion to Strike is made pursuant to Rule 12(f), 37(b)(1), 56(a), (c), (c)(1), (d), (e)(1) and (e)(2), of Fed. R. Civ. P.

    Petitioner submits that Respondent entertained Palma's misleading allegation knowing that petitioner had not raised any ineffective assistance claims in his § 2255 petition that counsel failed to inform the jury that [Gunn] was not present at Wickham Avenue. The fact that Respondent has reviewed the §

2255 in its entirety, and is well aware that such claim that Palma attempted to defend was never raised, Respondent should have refrained from entertaining such misstatement, and making is part of its Brief in Opposition, knowing that Palma's allegation is not supported by the record, or more so, that the ex parte record refutes Palma's allegation that petitioner suggested he argued a contrary position to the October 28 statement.

WHEREFORE, Petitioner prays that the attached portion of Respondent's Brief in Opposition be stricken from this proceeding.

Dated this 30th day of December, 2014

Respectfully submitted

R. Gunn

Roderick Gunn

cc: Daniel M. Tracer (AUSA)
One Saint Andrew Plaza
New York, N.Y. 10007

# EXHIBIT A

First, it is worth noting that Mr. Palma delivered an extensive and thorough closing argument in Gunn's case. Tr. 1728-1757. The length and detail of the summation is wholly inconsistent with ineffective assistance. Moreover, Palma's affidavit directly responds to and rebuts Gunn's argument. In particular, as noted above, Palma was aware that in Gunn's October 28, 2004 proffer with the Government, Gunn had detailed for the Government his participation in the Wickham Robbery. Palma Aff. ¶¶ 5, 8. Accordingly, Palma notes that "I could not take a position at trial contrary to what [Gunn] told the government in this statement for this would open the door to its admission at trial." *Id.* ("[H]ad I argued in Summation that Mr. Gunn was not present at the Wickham Avenue robbery/murder . . . the government would have requested to reopen the trial in order to rebut this defense argument with [Gunn's] admission".). Clearly, Palma's concern that making this argument sought by Gunn would lead to the admission of damning evidence against his client falls within sound and reasonable professional judgment. Thus, such a claim is far from the "highly demanding" standard set forth in *Strickland*.