UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———

RODERICK GUNN,                        )   Crim. No. SI 06 Cr. 911 (WHP)

        Petitioner        )   Civ. No. 14 3228

                      )

        vs.                   )

                      )

UNITED STATES OF AMERICA,              )

        Respondent.           )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/16

MOTION FOR LEAVE TO FILE AMENDED PLEADING PURSUANT
TO FED. R. CIV. P. 15(a), (d), AND JOHNSON V. UNITED
STATES, 135 S. CT. 2551 (2015), AND MOTION TO
WITHDRAW RECENTLY FILED SUPPLEMENTAL JOHNSON PLEADING

Petitioner Roderick Gunn, respectfully moves this Court
for leave to file an Amended § 2255 Petition pursuant to Rule
15(a) of Fed. R. Civ. P., and the rule in Johnson v. United
States, 135 S. Ct. 2551 (2015), that was made retroactively
applicable to cases on collateral review by Welch v. United
States. In support of this Amended Pleading, Mr. Gunn avers:

1.  He's maintaining all Grounds, Claims, and Arguments,
raised in his initial § 2255 Petition;

2.   He's maintaining his claims raised in his Supplemental
Pleading, in light of Napue v. Illinois, and Rule 701 of
Federal Rules of Evidence;

3.   He's maintaining the claims and argument raised in his
Reply Brief to the Government's Motion To Oppose § 2255;

4.   He's requesting of the court to withdraw the most recently
filed papers Titled: "Motion For Leave Of The Court To File A
Supplemental Pleading Pursuant To Rule 15(a) And (d) Of
Fed.R.Civ.P. And Johnson v. United States Intervening Change
In Law Relevant To The Underlying Proceeding," dated,
February, 2016;

5.   He's requesting of this Court to grant leave to file a
MOTION TO AMEND INITIAL § 2255 PLEADING PURSUANT TO RULE
15(a)(2), FED. R. CIV. P., IN LIGHT OF JOHNSON V. UNITED
STATES, 135 S. CT. 2551 (2015), AND WELCH V. UNITED STATES, S.
CT. NO. 15-6418. The Amended Pleading Grounds will be referred
to as A-I, A-II, A-III, A-IV, A-V, and A-VI.

    Mr. Gunn submits that this request is not made in bad
faith, and will not prejudice the Government, where, (a)
Johnson is applicable to his underlying "crime of violence,"
upon which the § 924(c) count of conviction rests, (b) Johnson
was not available at the filing of his initial § 2255
petition, and (c) this Amended Pleading is filed in a timely
fashion within the one-year period that the Johnson rule was
pronounced by the Supreme Court and made retroactively

applicable to cases on collateral review.

WHEREFORE, Mr. Gunn respectfully request that the Court grants him leave to file the attached Amended Pleading, while acknowledging that he's maintaining his previously raised Grounds, and Arguments in his initial § 2255 Motion/Memorandum of Law, and Supplemental Pleading in light of Napue v. Illinois and Rule 702, Fed. R. Evid.

Dated this _11th_ day of May, 2016.

Respectfully Submitted,

R. Gunn

Roderick Gunn

A-1.   DISTRICT COURT'S JURISDICTION UNDER RULE 15(a)(2)

OF FEDERAL RULES OF CIVIL PROCEDURE


Rule 15(a)(2) of Federal Rules of Civil Procedures provides that "[t]he court should freely give leave [to amend] when justice so requires." See Littlejohn, 271 F.3d at 363. Here, Mr. Gunn seek leave of the court to file an amended version of his initial § 2255, with the previously raised § 2255 claims incorported therein. This proposed Amendment is timely by virtue of a right "newly recognized by the Supreme Court" pursuant to 28 U.S.C. § 2255(f)(3). In particular, this proposed amendment relies on the new rule of constitutional law pronounced in Johnson v. United States, 135 S. Ct 2551 (2015), that was pronounced June 25, 2015, and made retroactively applicable to cases on collateral review in Welch v. United States, S. Ct. No. 15-6418 on or about April, 2016. Thus, the Amendment is filed before the June 26, 2016 deadline for Johnson claims.

Mr. Gunn respectfully request of this Court to grant leave to file this instant amendment. Gunn also submits that he's maintaining his intial § 2255 claims [GROUNDS FOR RELIEF IN ORIGINAL § 2255 MOTION AND MEMORANDUM OF LAW IN SUPPORT AND ARGUMENTS THEREIN, INCLUDING HIS SUPPLEMENTAL PLEADING IN LIGHT OF NAPUE V. ILLINOIS AND RULE 702 OF FED. R. EVID.], as part of this proposed amendment. THE PROPOSED AMENDMENT VERSION OF GUNN'S § 2255 CONSISTS OF AMENDED HEADINGS, A-I TO A-VI.

A-II. COUNTS SUBJECT TO AMENDED PLEADING TO BE DISMISSED

The Amended Pleading is limited to counts six and seven. Each of these offenses alleged the use of a firearm during the commission of a "crime of violence." The "crime of violence" alleged in each count was "conspiracy to commit a robbery affecting interstate commerce," (Count 1), and "attempted robbery that would and did affect interstate commerce," (Count 3). Count 6 alleged, in relevant part, "the defendants, unlawfully, willfully and knowingly, during and in relation to a crime of violence...namely, the robbery conspiracy and attempted robbery...charged in Counts one and Three, did use and carry firearms...in violation of 18 United States Code, Sections 924(c)(1)(A)(iii) and 2. Count 7 alleged, in relevant part, the defendants,...knowingly, during and in relation to a "crime of violence"...namely, the robbery conspiracy and attempted robbery...did use and carry firearms, and in the course of that crime did cause the death of a person..., 18 United States Code, Sections 924(j)(1) and 2. The challenged counts allege conspiracy to commit robbery and attempted robbery as the underlying "crime of violence."

A-III. CONSPIRACY TO COMMIT HOBBS ACT ROBBERY AND ATTEMPTED ROBBERY ARE NOT CATEGORICALLY CRIMES OF VIOLENCE UNDER 924(c)(3)(A) FORCE CLAUSE.

Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes. Conspiracy is an inchoate offense, the essence of which is an

agreement to commit an unlawful act. See, e.g., United States v. Feola, 420 U.S. 671, 43 L. Ed. 2d 541 (1975). Unlike some crimes that arises in a single transaction, the conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act. Iannelli v. United States, 420 U.S. 770, 777, 43 L. Ed. 2d 616 (1975).

An attempted robbery offense is also categorized as an inchoate crime, that presents a "substantial risk" that force may be used against another. Thus, both consiracy to commit Hobbs Act robbery and the attempted Hobbs Act robbery offenses are inchoate crimes, that falls under § 924(c)(3)(B)'s residual clause. See i.e., United States v. Iribe, 564 F.3d 1155, 1160 (9th Cir 2009)(quoting United States v. Macias-Valencia, 510 F.3d 1012, 1014 (9th Cir 2007)("Conspiracy and attempt are inchoate crimes that do not require completion of the criminal objective")). In order to benefit from the argument that the Residual Clause is unconstitutional, a defendant accused of conspiracy to commit Hobbs Act and Attempted Hobbs Act robbery would need to demonstrate that these offenses are not categorically "crimes of violence" under the Force Clause.

    i.   Conspiracy to Commit Hobbs Act Robbery is
        Not Categorically a Crime of Violence
        Under § 924(c)(3)(A) Force Clause

Subsection 924(c)(3) defines a crime of violence for section 924(c) purposes. It defines the term "crime of violence" as a felony offense that:

(A) has as an element of the use, attempted use, or
threatened use of physical force against the person
or property of another, or

(B) that by its nature, involves a substantial risk
that physical force against the person or property of
another may be used in the course of committing the
offense.

To constitute a "crime of violence," under the Force
Clause, a statute must have as an element the use, attempted
use, or threatened use of force. See, i.e., § 2L1.2 cmt.
n.1(B)(iii). Given these elements, conspiracy fails to qualify
categorically as a "crime of violence" within the meaning of
18 U.S.C. § 924(c)(3)(A). The gist of a conspiracy is the
criminal agreement. An overt act in furtherance of the
conspiracy is not necessary to prove the crime. See Iannelli
v. United States, 420 U.S. 770, 778, 43 L. Ed 2d 616
(1975)("This Court repeatedly has recognized that a conspiracy
poses distinct dangers quite apart from those of the
substantive offense."); Braverman v. United States, 317 U.S.
49, 54, 87 L. Ed 2d 23 (1942)("A conspiracy is not the
commission of the crime which it contemplates, and neither
violates nor 'arises under' the statute whose violation is its
object."). See in particular, United States v. Chimurenga, 760
F.2d 400, 404 (2d Cir. 1985)(holding that conspiracy to rob in
violation of § 1951 is a "crime of violence" within the
meaning of § 3156(a)(4) of the Bail Reform Act). The
Chimurenga Court expressly states, "[W]here coconspirators
agree to use 'actual or threatened force, or violence' to

obtain personal property from another, § 1951(b)(1), the risk that physical force may be used in the course of the conspiracy is substantial within the meaning of § 924(c)(3)(B)." See United States v. Patino, 962 F.2d 263, 267 (2d Cir.)(citing Chimurenga, holding that conspiracy to kidnap in violation of 18 U.S.C. § 1201(c) is a "crime of violence" under § 924(c)(3)(B)); United States v. Juvenile Male, 923 F.2d 614, 620 (8th Cir 1991)(citing Chimurenga, holding that conspiracy to commit murder is a "crime of violence" under 18 U.S.C. § 16(b), which defines a "crime of violence" as a felony that, by its nature, involves a substantial risk that physical force may be used). The Chimurenga analysis clearly recognized that a conspiracy to commit Hobbs Act robbery falls within the ambit of § 924(c)(3)(B)'s residual clause. In arriving at this conclusion in Chimurenga, the Second Circuit addressed the [defendant's] conspiracy offense under §1951(a), and whether it is a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A). The Court focused on the definition of "crime of violence" within the meaning of § 3156(a)(4)(B)'s residual clause, and concluded that conspiracy to commit robbery under §1951(a) falls within the ambit of § 3156(a)(4)(B). Section 3156(a)(4)(B)'s language is virtually identical to that of § 924(c)(3)(B)'s residual clause language.

Simply put, conspiracy can never qualify under § 924(c)(3)(A). It is illogical to hold that conspiracy to commit Hobbs Act robbery is commiting the Hobbs Act robbery, where the elements of conspiracy does not involve use of threat or presents a serious potential risk of physical injury against another. Conspiracy to commit Hobbs Act robbery,

however poses a risk that a robbery [may] be committed only in the future. See Chambers v. United States, 555 U.S. 122, 128 (2009)(rejecting the government's argument that an offense is a violent felony because it posed a risk of violence in the future); see also United States v. Raupp, 677 F.3d 756, 763 (7th Cir 2012)("conspiracy is at least 'one step away from any physical dimension.'"). Because the "step" between discussing or even agreeing on possibilities and physical action is a significant one, conspiracy to commit Hobbs Act robbery under Johnson, is simply not an offense of the type that could be justified as a "crime of violence" within the meaning of § 924(c)(3)(A). James v. United States, 550 U.S. 192, 202 (2007)(quoting 18 U.S.C. § 924(c)(e)(2)(B)(ii)). At the very least, the risk of serious physical harm posed by conspiracy to commit Hobbs Act robbery is substantially different from the serious risk harm within the meaning of § 924(c)(3)(A).

A few courts have concluded after Johnson, 135 S. Ct 2551, that "conspiracy" is not categorically a crime of violence within the meaning of § 924(c)(3)(A), because it does not require proof of use, attempted use, or threatened use of physical force. See United States v. Chandler, 2015 U.S. App. LEXIS 17702 (9th Cir, 2015)(order granting joint motion to remand for resentencing because prior state conviction for conspiracy to commit robbery was not a crime of violence under Johnson), following 135 S. Ct 2926, 192 L. Ed 2d 959 (2015)(vacating and remanding, 743 F.3d 648 (9th Cir 2014); United States v. Gonzalez-Ruiz, 794 F.3d 832, 836 (7th Cir 2015)(dismissing government's cross-appeal after it concedes the crime of conspiracy to commit armed robbery is not a crime

of violence in light of Johnson); United States v. Bell, No.
15 CR-00258-WHO, 2016 WL 344749, at *11-*13 (N.D. Ca. Jan 28,
2016)(§ 924(c)'s residual clause invalid under Johnson). This
court is bound by United States v. Chimurenga, 760 F. 2d 400
(2d Cir 1985), that held, "conspiracy to commit Hobbs Act
robbery falls under § 924(c)(3)(B)'s residual clause," and
thus, is not a "crime of violence" under § 924(c)(3)(A) to
support the § 924(c) and 924(j) counts of conviction.

### ii.   Attempted Hobbs Act Robbery is Not Categorically a Crime of Violence Under § 924(c)(3)(A)

The law generally recognizes three inchoate crimes:
conspiracy, attempts, and solicitation. An attempted robbery
is an offense that...by its nature, involves a substantial
risk that physical force against the person...may be used. The
Second Circuit has concluded that an attempted robbery is an
inchoate crime that falls under the ACCA's residual clause.
The Court held that, "criminal possession of a weapon and
attempted robbery...fall[s] within the 'residual clause' of
the ACCA, which defines 'violent felony' to include an offense
that otherwise involves conduct that presents a serious
potential risk of physical injury to another." See United
States v. Lynch, 518 F.3d 164, 173 (2008); see also, Lynch,
03-cr-928 (S.D.N.Y. Oct. 27, 2015)(citing 18 U.S.C. §
924(e)(2)(B)(ii)).

On July 7, 2011, Lynch filed his first habeas petition to
vacate, set aside, or correct his sentence pursuant to 28
U.S.C. § 2255, which was dismissed as time-barred. Other

petitions were filed by Lynch which were denied. However, October 15, 2015, Lynch filed with the Second Circuit a third application to file a § 2255 motion with the district court. Lynch argued that the Supreme Court's decision in Johnson v. United States, 135 S. Ct 2551, 192 L. Ed. 2d 569 (June 26, 2015) invalidated the ACCA's "residual clause" on the grounds of unconstitutional vagueness. The Second Circuit granted Lynch permission to file a successive motion pursuant to § 2244(b)(3)(C) in light of Johnson. See Lynch v. United States, No. 15-3277 (2d Cir Nov. 9, 2015). On December 3, 2015, the Government filed a letter with the district court "agree[ing] that, in light of Johnson's invalidation of ACCA's so-called 'residual clause,' [Lynch] predicate convictions do not meet the statutory requirements for application of ACCA, as his convictions--criminal possession of a weapon, and [attempted robbery], were deemed to be violent felonies only by virtue of the residual clause." The district court granted Lynch relief under Johnson on the basis that his convictions of weapon possession and attempted robbery are "crimes of violence" only by virtue of the ACCA's residual clause, and ordered Lynch's immediate release from imprisonment. The Second Circuit's decision in Lynch, No. 15-3277 (2d Cir. Nov. 9, 2015), and the Government's concession that "attempted robbery" falls under the residual clause, compels dismissal of Gunn's 924(c) and 924(j) counts of conviction because Johnson invalidated § 924(c)(3)(B)'s residual clause, and conspiracy to commit Hobbs Act robbery or the attempted robbery are not categorically "crime of violence" under § 924(c)(3)(A).

A-IV.   JOHNSON V. UNITED STATES

The Supreme Court in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015) struck down the Armed Career Criminal Act's [ACCA] residual clause, 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. Id. at 2557. The language in ACCA' that Johnson held unconstitutional is similar to § 924(c)(3)(B)'s language. The ACCA provision defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year...that...involves conduct that presents a serious [potential risk] of physical injury to another." Importantly, both the provisions at issue as argue herein, § 924(c)(3)(B), and the ACCA's residual clause, § 924(e)(2)(B)(ii), are subject to the same mode of analysis: a categorical approach which demands that courts "look to the elements and nature of the offense of conviction, rather than to the particular facts relating to the defendant's conduct." Local v. Ashcroft, 543 U.S. 1, 7 (2004); see also Taylor v. United States, 495 U.S. 575, 601-02 (1990).

The Supreme Court in Johnson began its analysis by explaining that, under Taylor, ACCA requires the categorical approach to determine whether a particular statute qualifies as a violent felony. 135 S. Ct. at 2557. Courts must assess whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion."

Id. Johnson further clarified that the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." Id. The Johnson court held that it was this ordinary case analysis that created one aspect of the statute's unconstitutional vagueness: "We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct at 2557. But the risk standard also contributed to the vagueness defect. The court explained, "Two features of the residual clause conspire to make it unconstitutionally vague." The first problem rests with the "grave uncertainty about how to estimate the risk posed by a crime. [The residual clause] ties this judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Id. Secondly, "the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Id. Recognizing that the Court had tried in five different cases to give consistent meaning to the residual clause, recognizing that the clause created significant circuit conflicts, the Johnson Court concluded there was no consistent meaning to be had. "Nine years experience trying to derive meaning from the residual clause convinces us that we have embarked upon a failed enterprise." Id. at 2559.

13

A-V.   JOHNSON APPLIES TO SECTION 924(c) RESIDUAL CLAUSE

Johnson's decision has opened the door for defendants to challenge the constitutionality of similarly-worded crime of violence residual clauses in other statutes, including Section 924(c). See i.e., Freeman v. United States, No. 15-3687 (2d Cir. Jan. 26, 2016)(granted permission to file second or successive petition in § 924(c) case). Thus, it is evident that the Second Circuit is applying Johnson's rule to § 924(c) cases. Currently, the Second Circuit is reviewing two appeals that raised the question of whether Hobbs Act robbery is a crime of violence under the Force Clause. See United States v. Hill, No. 14-3872 (2d Cir. 2016), and United States v. Barrett, No. 14-2641 (2d Cir. 2016). Nonetheless, Mr. Gunn submits that his challenges raised herein are different from that of Hill and Barrett, where his claim addresses inchoate crimes such as, "conspiracy to commit Hobbs Act robbery" and "Attempted Hobbs Act robbery."

A-VI. APPLYING JOHNSON TO COUNTS 6 AND 7 COMPELS DISMISSAL

i.   <u>This Court has the Power and Authority</u>
     <u>to Dismiss these Counts Pursuant to § 2255</u>

This Court has the power and authority to dismiss these counts pursuant to § 2255, that allows the Court to Vacate, Set aside, or Correct Mr. Gunn's sentence.

ii.   Johnson Compels Dismissal of §§ 924(c) and 924(j)
      Counts of Conviction Because Each of These Counts
      Allege Conspiracy and Attempted Robbery,
      which is Not Categorically Crimes of Violence,
      as the Underlying "Crime of Violence"

The "crime of violence" statutory definition in section 924(c)(3)(B) is materially indistinguishable from the unconstitutionally vague residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), at issue in Johnson. Section 924(c)(3)(B) employs the identical technique of picturing the hypothetical "ordinary case" for categorizing predicate felonies as "crime of violence." Like ACCA, § 924(c)(3)(B) also requires courts to apply the categorical approach to define the "ordinary case" of a felony statute and to assess the risk involved in that "ordinary case." Comparing the language in the two statutes demonstrates this common nature. Section 924(c)(3)(B) reads:

        (B) that by its nature, involves a substantial
        risk that physical force against the person or
        property of another may be used in the course
        of committing the offense.

While section 924(e)(2)(B)(ii)'s residual clause reads:

        (B)(ii)...or otherwise involves conduct that
        presents a serious potential risk of physical
        injury to another.

Courts must use the same "ordinary case" analysis in

determining whether a felony qualifies as a "crime of violence" under § 924(c)(3)(B)'s clause as under the ACCA's residual clause. Both § 924(c)(3)(B) and the ACCA's residual clause require courts to classify crimes categorically based on an inherently vague standard of risk. In § 924(c)(3)(B), the focus is on whether the crime involves a "substantial risk that physical force" will be used; in ACCA's residual clause, the focus is on "a serious potential risk of physical injury." 18 U.S.C. § 924(e)(2)(B)(ii). But Johnson's holding did not turn on the type of risk. Rather Johnson's holding was focused on how a court assesses and quantifies the risk which resulted in the ultimate conclusion "that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. As the risk inquiry is the same under both the ACCA's § 924(e)(2)(B)(ii) and § 924(c)(3)(B), both statutes impose identically unconstitutional vague standards.

The residual clause of § 924(c) suffers from "exactly the same double indeterminacy as the ACCA residual clause because it requires the court to evaluate the offense 'by its nature,' not by its elements...and not by the defendant's actual conduct when committing the predicate offense." See i.e., United States v. Edmundson, No. CR PWG-13-15, D.E. 67 at 8, 2015 WL 9311983, at *4 (D. Md. Dec. 30, 2015). "Measuring whether an offense poses a 'substantial' risk...is no less arbitrary than measuring whether it poses a 'serious potential' one." Dimaya v. Lynch, 803 F.3d 1110, 1117 n.9 (9th Cir 2015)(the double uncertainty renders 18 U.S.C. § 16(b)-

which is identical to § 924(c)(3)(B), unconstitutionally vague); see also, Santana v. Holder, 714 F.3d 140 (2d Cir 2013)(holding that attempted arson in the second degree under New York law falls within the ambit of § 16(b)'s residual clause). Much of the case law interpreting what is and is not a crime of violence under the categorical approach was created in the context of 18 U.S.C. § 16, a statute defining crimes of violence in language "virtually identical" to Section 924(c)(3). See Leocal v. Ashcroft, 543 U.S. 1, 160 L. Ed. 2d 271 (2004), in which the Supreme Court considered whether an offense is a "crime of violence" under 18 U.S.C. § 16, a provision which contains virtually identical language to § 924(c)(3); see also United States v. Acosta, 470 F.3d 132, 134. The Second Circuit applies case law interpreting Section 16 to the Force Clause and Residual Clause of section 924(c)(3). Id. at 134-35. Compare 18 U.S.C. § 16(b) with § 924(c)(3)(B)(both capturing a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). See also, United States v. Vivas-Ceja, 808 F.3d 719, 723 (7th Cir 2015)(§ 16(b) unconstitutionally vague because it requires "the identical indeterminate two-step approach [discussed in Johnson]"); Ruiz v. United States, No. 16-1193 (7th Cir Feb. 19, 2016)(authorizing a second/successive petition in § 924(c) case); United States v. Bell, No. 15-CR-00258-WHO, 2016 WL 344747, at *11-*13 (N.D. Ca. Jan. 28, 2016)(§ 924(c)'s residual clause invalid under Johnson); United States v. Lattanaphom, NO. CR 2:99-00433-WBS, 2016 WL 393545 (E.D. Ca.

17

Feb. 2, 2016)(same). As there is no difference between the language found in § 924(c)(3)(B) and § 16(b), Santana v. Holder, 714 F.3d 140, and United States v. Chimurenga, 760 F.2d 400, 404 (2d Cir 1985) controls. Second Circuit precedent requires this Court to conclude § 924(c)(3)(B) is unconstitutionally vague. The § 924(c) count and the § 924(j) count of conviction in Gunn's case allege the underlying "crimes of violence" as being a conspiracy to commit Hobbs Act robbery and an Attempted Hobbs Act robbery warrants dismissal. Conspiracy, and Attempt robbery, is not categorically a "crime of violence" under § 924(c)(3)(A). And as § 924(c)(3)(B) is void for vagueness, this Court should vacate Mr. Gunn's convictions for counts 6 and 7.

A-VII.   GENERAL VERDICT MAKES IT IMPOSSIBLE TO DETERMINE
         THEORY COUNT 6 OR 7 CONVICTION RESTS

     The indictment alleged that the § 924(c)--(Count 6) and the § 924(j)--(Count 7) relies upon the conspiracy to commit Hobbs Act robbery as charged in Count 1, and an Attempted Hobbs Act robbery as charged in Count 3. However, the general verdict provided no way to determie whether the § 924(c) and § 924(j) convictions rested on the conspiracy to commit robbery, or attempted robbery, or both.

     The fundamental rule that applies when a jury delivers a general verdict that may rest either on a legally valid or legally invalid ground is clear: the verdict may not stand when there is no way to determine its basis. "It has long been settled that when a case is submitted to the jury on

18

alternative theories the unconstitutionality of any of the
theories requires that the conviction be set aside." Sandstrom
v. Montana, 442 U.S. 510, 526 (1979); Yates v. United Dtates,
354 U.S. 298, 312; Burks v. United States, 437 U.S. 1
(1978)('The proper rule to be applied is that which requires a
verdict to be set aside in cases where the verdict is
supported on one ground, but not on the other, and it is
impossible to tell which ground the jury selected"); Stromberg
v. California, 283 U.S. 359, 368, 75 L. Ed. 1117 (1931)("If
any of the clauses in question is invalid under the Federal
Constitution, the conviction cannot be upheld").

Under the categorical approach, this Court must look at a
limited set of documents (including the indictment) to
determine under which portion of the Hobbs Act Mr. Gunn was
charged. The Court then must apply the categorial approach as
normal to the portion of the statute actually at play in the
case. See Descamps v. United States, 133 S. Ct. 2276, 2281
(2013); see also United States v. Barker, 723 F.3d 315, 319-20
(2d Cir. 2013). The indictment will demonstrate that Gunn was
charged for conspiracy to commit Hobbs Act robbery, and
Attempted Hobbs Act robbery, upon which the § 924(c) and §
924(j) relies, as the underlying "crime of violence." As
argued above, conspiracy to commit Hobbs Act robbery and
Attempted robbery, does not meet the prerequisites as "crimes
of violence" under § 924(c)(3)(A). Now that the residual
clause is invalidated as unconstitutionally vague, Mr. Gunn is
not guilty for the § 924(c) or the § 924(j) offenses. This is
so, because to be held liable for a violation of §§ 924(c) and
924(j) in this context, there must be an underlying crime of

violence within the meaning of § 924(c)(3)(A). Conspiracy to commit Hobbs Act robbery and Attempted Hobbs Act robbery falls squarely within the ambit of § 924(c)(3)(B)'s residual clause. Thus, in conducting a categorical approach analysis, this court must look to a limited set of documents--that may include the indictment, jury instruction, and possible, the verdict form. None of these documents demonstrated what theory of liability the jury relied on for the underlying "crime of violence" in any event the Government oppose Gunn's claim that inchoate crimes (conspiracy and attempts) are categorically "crime of violence" under the residual clause. In sum, Second Circuit precedents, Chimurenga and Santana, compels the dismissal of Counts 6 and 7.

Mr. Gunn respectfully request that: "(1) his claims raised in the initial § 2255 Motion and supporting Memorandum of Law be adjudicated on their merits, (2) his Supplemental Napue v. Illinois claim, and his Ineffective Assistance of Counsel Rule 702 claim be adjudicated on their merits, (3) his most recent Motion for Leave to Supplement § 2255 pursuant to Rule 15(a), (d) of Fed. R. Civ. P., in light of Johnson v. United States, and DATED FEBRUARY 2016 BE WITHDRAWN, and (4) this instant MOTION FOR LEAVE TO AMEND § 2255 IN LIGHT OF JOHNSON V. UNITED STATES, 135 S. CT. 2551 BE GRANTED AND ADJUDICATED ON ITS MERITS ALONG WITH ALL OTHER CLAIMS RAISED IN INITIAL § 2255 AND SUPPLEMENTAL PLEADINGS IN LIGHT OF NAPUE AND RULE 702.

Conclusion

WHEREFORE, Mr. Gunn respectfully request this Court dismiss Counts 6 and 7, and to vacate and set aside his sentence and conviction on the remaning counts based on his Fifth and Sixth Amendment violations raised in his initial § 2255 Motion and Memorandum of Law. In the alternative, Mr. Gunn request that a hearing be ordered to dispose of the Ineffective Assistance claims where counsel's affidavit failed to respond to Gunn's claims; counsel's Affidavit was misleading and disputed by the trial records. Mr. Gunn likewise request of the Court to appointed counsel to assist with the development of his Johnson claim, or any other relief this Court deems fair and just.

Dated this 11th day of May, 2016.

Respectfully Submitted,

R. Gunn

Roderick Gunn

# CERTIFICATE OF SERVICE

I, _Roderick Gunn_ herby certify that I have served a true and correct copy of the following: MOTION FOR LEAVE TO FILE AMENDED PLEADING PURSUANT TO FED. R. CIV. P., 15(a), (d) AND JOHNSON V. U.S. 135 S-Ct 2551 (2015), AND MOTION TO WITHDRAW RECENTLY FILED SUPPLEMENTAL JOHNSON PLEADING.

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

U.S. Attorney's Office
Attn: Daniel Tracer (A.U.S.A)
One Saint Andrew Plaza
New York, N.Y. 10007

and deposited same in the United States Mail at: U.S.P. Atwater
P.O. Box 019001
Atwater CA 95301

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this __11th__ day of __May__, 20_16_.

_R. Gunn_

J. Box U1900l
twater, CA 95301
nited States

LEGAL MAIL

⇔ 55254-054 ⇔
Pro Se Office
500 Pearl ST
Room 230
NEW YORK, NY 10007
United States



USM.
SDNY



RECEIVED
2016 MAY 17  AM 9:46